[L. A. No. 687. Department Two.—July 17, 1899.]

H. W. HELLMAN, Respondent, v. CITY OF LOS ANGELES, Cross-complainant and Respondent. BOAZ DUNCAN et al., Appellants. I. W. HELLMAN et al., Respondents.

ACTION TO QUIET TITLE—BOUNDARY OF STREET—CROSS-COMPLAINT OF CITY—UNCERTAINTY.—In an action against a city to quiet title to a lot of land involving the boundary of a street, a cross-complaint by the city against the plaintiff and other defendants brought in as parties to quiet the title of the city to the street, which is alleged to have been encroached upon by their improvements, but which does not locate the boundaries of the street, nor show to what extent their improvements have encroached upon it, is demurrable for uncertainty in those particulars.

ID.—EVIDENCE—LOCATION OF BOUNDARY—LOSS OF MONUMENTS—CONFORMITY OF STREET IMPROVEMENTS TO LOT IMPROVEMENTS.—Where it appeared in evidence that all of the monuments of the official survey of a street were lost, and the question of fact upon which the rights of appellants depended related to the location of the south boundary of the street, evidence that all of the improvements on such boundary conformed to the line of appellant's improvements on a corner lot derived by deed from the city, and which had occupied that line for twenty-five years, and that during that period the sidewalk and street improvements were all made to conform to that line, is competent evidence to show the location of such boundary.

ID.—INCOMPETENT EVIDENCE OF ENGINEERS — INACCURATE SURVEY.—Where it appears that the official survey of the street in controversy was inaccurate, and there was no proof as to the lines originally established by it, other than the line of improvements

of the lots and sidewalks thereupon, the evidence and maps of engineers not based upon the official survey, but upon the assumed correctness of the line of improvements of another street, and upon the supposition of a uniform width of the streets, and involving the alteration of the length of lots shown by the offi-- cial map, and constituting mere guesswork as to the location of the lines of the official survey of the street in question, is incompetent and inadmissible.

ID.—INACCURACY OF EARLY SURVEYS—COMMON KNOWLEDGE—JUDICIAL NOTICE.—The inaccuracy of the early surveys in this and other states is a matter of common knowledge of which the courts may take judicial notice.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Walter Van Dyke, Judge.

The facts are stated in the opinion.

Brown & Newby, for Appellants.

The city, having permitted the appellants and other property-owners to build to the line claimed by appellants, and having continuously collected street assessments and taxes to conform thereto, is estopped from claiming any other line as the line of the street. (*Orena v. Santa Barbara,* 91 Cal. 628; *Los Angeles v. Cohn,* 101 Cal. 374; *Gregory v. Knight,* 50 Mich. 61; *Joliet v. Werner,* 166 Ill. 34; *Auburn v. Goodwin,* 128 Ill. 57; *Peoria v. Johnston,* 56 Ill. 45; *Davies v. Huebner,* 45 Iowa, 577; *Simplot v. Dubuque,* 49 Iowa, 630; *Brooks v. Riding,* 46 Ind. 15; *Hamilton v. State,* 106 Ind. 361; *Ralston v. Miller,* 3 Rand. 44; 15 Am. Dec. 704.) The testimony of the surveyors not based upon the official survey, or upon any competent proof thereof, was inadmissible. (*Lay v. Neville,* 25 Cal. 555.) Their maps were inadmissible, not being based upon the survey called for by the deed of appellants' lots, and they cannot bind appellants or their predecessors. (*Payne v. English,* 79 Cal. 546; *Gregory v. Knight, supra.*) The demurrer to the cross-complaint should have been sustained.

Walter F. Haas, and W. E. Dunn, for City of Los Angeles, Respondent.

The testimony of the surveyors, and their maps, was the best of which the nature of the case admitted, and they were ad-

missible. (*Lay v. Neville*, 25 Cal. 554; *Morton v. Folger*, 15 Cal. 278, 279.) The city did no acts estopping it, and the appellants could gain no title by prescription to any part of the street. *Los Angeles v. Cohn*, 101 Cal. 374, was an exceptional case, and is not applicable here.

McKinley & Graff, for H. W. Hellman, Respondent. Graves, O'Melveny & Shankland, and Gardiner, Harris & Rodman, for Other Respondents.

GRAY, C.—This action was commenced by the plaintiff against the city of Los Angeles to quiet title to a certain lot of land at the northeast corner of Spring and Fourth streets in the said city. The city filed a cross-complaint alleging that the appellant, Boaz Duncan, and other parties, all of whom were subsequently brought in and made parties to the action, owned lots along and fronting on Fourth street, on both sides thereof, between Spring and Main streets, and that all these lotowners, including the plaintiff, had "so encroached upon Fourth street, both upon the north and upon the south, that the width of said Fourth street, as it now exists upon the ground between the fences and other improvements of said parties, is considerable less than sixty feet." The cross-complaint also sets forth that in 1849 a survey and map of said city was made, known as Ord's survey, which was adopted as the official map of said city, and which shows Fourth street to have a uniform width of sixty feet. The principal relief prayed for in the cross-complaint is that the lines of Fourth street be determined, and that the claims adverse to the use of Fourth street as a public street of said city be forever quieted. The appellant demurred to this cross-complaint for insufficiency of facts to constitute a cause of action, and for uncertainty because the north and south boundaries of Fourth street were not set out and it could not be ascertained therefrom to what extent the improvements of the several parties, including appellant, encroached upon said street. In overruling this demurrer the court erred. The complaint was uncertain in the particulars specified in the demurrer. Whether the suit be treated as an action to quiet title or to establish the boundaries of Fourth street, the appellant was entitled to be informed by the cross-complaint specifically as to

what portion of the premises occupied by him were claimed to be an encroachment and within the boundaries of Fourth street.

We are also of opinion that the evidence is insufficient to justify the decision of the court. So far as the appellants' rights were concerned, the question of fact to be decided was as to the exact location of the south boundary of Fourth street, at the place where appellants' property was located, according to Ord's survey, which is conceded to be the original and official survey of the city of Los Angeles. Appellants introduced evidence tending to show that those under whom they claim title acquired the same by deed from the city of Los Angeles November 21, 1855, and that appellants' predecessors in interest erected a picket fence along Fourth street, on the line now occupied by the northerly line of appellants' building on the southeast corner of Spring and Fourth streets; that said fence was moved in the year 1888, when said building was erected; that said Fourth street was paved and the sidewalk built to the line occupied by said building, and the owners of said property paid their proportion of said assessment for said paving up to said line; that up to 1897 all the improvements on the south side of Fourth street, between Spring and Main, were on a line occupied by defendants' building and had occupied that line for at least twenty-five years prior thereto. This was the best evidence introduced and the only competent evidence offered to show the location of the south line of Fourth street.

The testimony of the engineers was incompetent to establish the location of Fourth street, and the objection to such testimony should have been sustained, and the same may properly be said of the maps, with the exception of the Ord map; this map, and the contract in pursuance of which it and the Ord survey were made, was proper evidence in the case, but the map could not locate itself on the ground. It appeared in evidence that all the monuments of the Ord survey were lost, and no attempt was made to establish their location, either by reputation, the declarations of deceased persons, or by the testimony of witnesses having knowledge of such location, but it seems that in the absence of any such evidence the engineers have attempted to locate the streets by selecting the most uniform street in the oldest part of the city, and, assuming that one boundary of that

street is on the Ord survey, they propose to locate the other streets of the city by first measuring the distance required by the Ord map and then adding to or subtracting from such distance as may be required to leave all the streets of a uniform width of sixty feet and require the removal of as few buildings as may be. In making their measurements on the ground they have disregarded the Ord map. They make the block in which appellants' lot is situated five hundred and ninety-nine and seventy-six one-hundredths feet long, and the block immediately across Fourth street from and north of said lot they find to be six hundred and five and seven one-hundredths feet long, whereas the Ord map gives the blocks a uniform length of six hundred feet. They might have come nearer the map if they had given the blocks on each side of Fourth street a more nearly uniform length by placing Fourth street two or three feet further north. The work and testimony of the engineers is only a guess at the location of Fourth street as originally established by the Ord survey. It may be proper, in the absence of any better evidence, to regard the line of ancient and continuous improvements as evidencing the line of Sixth street as it was run by the Ord survey, but no use of this line can be made to establish any other line in the city for two reasons: 1. The engineers have demonstrated by their measurements, and their testimony is an admission, that the Ord survey must have been very inaccurate; 2. The inaccuracy of the early surveys in California, as well as in other states, is a matter of such common knowledge that the courts are warranted in taking judicial cognizance of the existence of such inaccuracy, as they frequently have done. It needs no argument to show the impossibility of locating an unknown line of an inaccurate survey by running from a known line of the same survey. In the absence of better evidence, the court might have been warranted in finding for appellants on the evidence as to the south boundary of Fourth street as it had been indicated on the ground by the line of fence and other improvements for twenty-five years. (*Diehl v. Zanger*, 39 Mich. 601; *Orena v. Santa Barbara*, 91 Cal. 621.) There was no competent evidence in the testimony or maps of the engineers to show the location of the southern boundary of Fourth street, and, therefore, the judgment of the court has nothing to support it. We

think the conclusions reached herein find support in the following cases: *Payne v. English,* 79 Cal. 540; *Los Angeles v. Cohn,* 101 Cal. 374; *Bullard v. Kempf,* 119 Cal. 9; *Orena v. Santa Barbara, supra; Ralston v. Miller,* 3 Rand. 44; 15 Am. Dec. 704.

For these reasons we advise that the judgment and order appealed from be reversed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

McFarland, J., Temple, J., Henshaw, J.